**Sukhjit Singh THIARA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70225.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Inna Lipkin, Law Offices of Kuldip S. Dhariwal, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ernesto H. Molina, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Sukhjit Singh Thiara, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that Thiara provided conflicting testimony about the circumstances of his arrests, and his stay with his aunt between arrests, and these discrepancies go to the heart of Thiara's asylum claim that he was persecuted as a member of the All India Sikh Student Federation ("AISSF"). *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Furthermore, substantial evidence supports the IJ's finding that Thiara failed to provide specific and detailed testimony about the AISSF and his role within the organization. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). Accordingly, the record does not compel the conclusion that Thiara satisfied his burden of proving eligibility for asylum with credible, direct, and specific evidence. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001).

Because Thiara did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724

(9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Thiara is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.